UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARUS CORPORATION,<br><br>                 Plaintiff,<br><br>-against-<br><br>CAPTION MANAGEMENT LLC, CAPTION PARTNERS II LP, CAPTION GP, LLC, WILLIAM COOPER and JASON STRASSER,<br><br>                 Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Clarus Corporation ("Clarus"), by and through its attorneys, Kane Kessler, P.C., as and for its Complaint against defendants Caption Management, LLC, Caption Partners II, L.P., Caption GP, LLC, William Cooper and Jason Strasser (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for recovery of short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the Defendants were insiders of a public company having a class of securities registered under Section 12 of the Act, namely, officers, directors or beneficial owners of more than 10% of such class of securities, who profited from the purchase and sale, or sale and purchase, of the company's securities within a period of less than six months. Evidence of the Defendants' intent, misuse of information, or bad faith is irrelevant and not required. Officers, directors and more than 10% beneficial owners are simply required to disgorge their "short swing" profits obtained in violation of the Act.

3.       Defendants were at all relevant times, from July 19, 2022 to August 30, 2022, collectively the beneficial owners of more than 10% of Clarus' common stock, which is registered under Section 12 of the Act, and, upon information and belief, profited from their purchases and sales, or sales and purchases, within a period of less than six months. Defendants must disgorge to Clarus the "short swing" profits from these transactions.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

5.       Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b)(2). Upon information and belief, defendants Caption Management, LLC ("Caption Management"), Caption Partners II, L.P. ("Caption Partners") and Caption GP, LLC ("Caption GP" and, together with Caption Management and Caption Partners, the "Caption Entities") transact business within this District. At all relevant times, Clarus common stock was traded on the Nasdaq Global Select Market ("Nasdaq"), an exchange headquartered and located within this District. Some or all of the purchases and sales or sales and purchases of securities described herein were executed in ordinary brokerage transactions through Nasdaq.

## THE PARTIES

6.       Clarus is a Delaware corporation with its principal offices located at 2084 East 3900 South, Salt Lake City, Utah 84124. Through its subsidiary and affiliated operating companies, Clarus has built a stellar reputation as a global leader in the design, development, manufacture and distribution of best-in-class outdoor equipment and lifestyle products and apparel focused on the outdoor and consumer enthusiast markets.

7.      During the relevant time period, Clarus operated successful and reputable lines of businesses offering its shareholders significant value and prospects. In its financial disclosures for the quarter ended June 30, 2022, Clarus reported a 57% increase to $114.9 million in its second quarter sales over the comparable period in the prior year, reported continuing access to a line of credit in the amount of $274.5 million and had a market capitalization of approximately one billion dollars. During this time, Clarus' business prospered and incurred no materially adverse developments, financial setbacks or changes that would impact its business model, quality of its products or prospects. Yet during this same period of time, there transpired highly unusual, irregular and volatile trading in its securities, which caused a precipitous decline in its stock price and a loss of almost half a billion dollars in market capitalization. The Section 16(b) violations alleged herein are especially suspect because they occurred against the backdrop of this unusual trading activity.

8.      Upon information and belief, defendant Caption Management is a Delaware limited liability company with its principal office located at 499 W Sheridan Ave., Suite 2250, Oklahoma City, Oklahoma, 73102. Upon information and belief, Caption Management maintains investment and voting power with respect to securities held by certain investment funds and managed accounts it manages, including Caption Partners.

9.      Upon information and belief, defendant Caption Partners is a Delaware limited partnership with its principal office located at 499 W Sheridan Ave., Suite 2250, Oklahoma City, Oklahoma, 73102. Upon information and belief, Caption Partners is an investment fund.

10.     Upon information and belief, defendant Caption GP is a Delaware limited liability company with its principal office located at 499 W Sheridan Ave., Suite 2250, Oklahoma City,

Oklahoma, 73102. Upon information and belief, Caption GP is the general partner of Caption Partners.

11.     Upon information and belief, Defendant William Cooper ("Cooper") is the Chief Executive Officer of Caption Management, the managing member of each of the Caption Entities and controls the management and policies of the Caption Entities.

12.     Upon information and belief, Defendant Jason Strasser is the Chief Investment Officer of Caption Management and controls Caption GP with Cooper.

13.     Upon information and belief, Defendants trade securities for their own account and do not hold securities solely for the benefit of third parties or in customer or fiduciary accounts in the ordinary course of business nor do they hold such securities solely incident to the establishment or maintenance by it of a primary or secondary market for such securities.

14.     Upon information and belief, Defendants invest their own capital in the fund(s) they manage.

## STATUTORY REQUISITES

15.     Upon information and belief, the violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

16.     At all relevant times, the common stock of Clarus was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78l, and was listed for trading on Nasdaq.

17.     This action is brought within two years of the occurrences of the violations described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of were first filed with the United States Securities and Exchange Commission ("SEC").

**DEFENDANTS' SHORT SWING TRADING**

18. On September 2, 2022, Cooper notified officers of Clarus that Defendants had failed to timely comply with the beneficial ownership reporting provisions of Section 13 of the Securities Exchange Act of 1934.

19. On September 2, 2022, Defendants filed a Schedule 13G with the SEC indicating that, as of July 19, 2022, they "beneficially owned" a total of 3,740,931 shares of Clarus common stock, amounting to approximately 10.01% of Clarus common stock; as of July 27, 2022, they "beneficially owned" a total of 6,389,631 shares of Clarus common stock, amounting to approximately 17.1% of Clarus common stock; as of August 30, 2022, they "beneficially owned" a total of 2,760,600 shares of Clarus common stock, amounting to approximately 7.39% of Clarus common stock. (https://www.sec.gov/Archives/edgar/data/913277/000089914022000689/c090222a.htm)

20. Upon information and belief, Defendants were beneficial owners of more than 10% of Clarus common stock throughout the period between July 19, 2022 and August 30, 2022.

21. Between July 19, 2022 and August 30, 2022, Defendants purchased and sold, or sold and purchased, shares of Clarus common stock at times when they were beneficial owners of more than 10% of Clarus stock.

22. The above-referenced purchases and sales or sales and purchases all occurred within a period of less than six months, and may be matched, using the "lowest in, highest out" method to calculate short swing profits realized by Defendants. Upon information and belief, Defendants realized short-swing profits that are recoverable by Clarus under Section 16(b), in an amount to be determined at trial.

23. Upon information and belief, Defendants agreed to act together for the purpose of acquiring, holding, voting or disposing of Clarus securities during the period of July 19, 2022 and August 30, 2022.

## FIRST CLAIM
### (Violation of Section 16(b) of Securities and Exchange Act)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-23 above, as if fully set forth herein.

25. At all relevant times, the common stock of Clarus was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78l.

26. As of July 19, 2022, Defendants were the beneficial owners of more than 10% of the total outstanding common stock of Clarus.

27. As of August 30, 2022, Defendants were the beneficial owners of more than 10% of the total outstanding common stock of Clarus.

28. Upon information and belief, Defendants purchased and sold or sold and purchased shares of Clarus common stock between July 19, 2022, and August 30, 2022 while they were the beneficial owners of more than 10% of Clarus' common stock.

29. Upon information and belief, Defendants agreed to act together for the purpose of acquiring, holding, voting or disposing of Clarus securities during the period of July 19, 2022 and August 30, 2022.

30. Upon information and belief, Defendants profited from the aforementioned transactions using the "lowest in, highest out" method to calculate short swing profits.

31. Upon information and belief, Defendants traded the securities at issue in part for their own account, had voting and investment power over the securities at issue and a pecuniary interest therein.

32. Upon information and belief, Defendants did not hold the securities at issue solely for the benefit of third parties or in customer or fiduciary accounts in the ordinary course of business nor did they hold such securities incident to the establishment or maintenance by them of a primary or secondary market for such securities.

33. By reason of the foregoing, Defendants have violated Section 16(b) and are required to disgorge their short swing profits in an amount to be determined at trial.

34. Clarus has an "interest in maintaining a reputation of integrity, an image of probity, for its § 16(b) insiders and in insuring the continued public acceptance and marketability of its stock." *Donahue v. Bulldog Inv. Gen. Partnership*, 696 F.3d 170, 177-78 (2d Cir. 2012) (quotation and citation omitted). This interest was "injured" by Defendants' aforementioned trading in violation of Section 16(b). *Id*.

**WHEREFORE**, Plaintiff Clarus Corporation demands judgment against Defendants Caption Management LLC, Caption Partners II LP, Caption GP, LLC, William Cooper and Jason Strasser, jointly and severally, as follows:

(i) requiring Defendants to disgorge and return to Plaintiff the short swing profits recoverable under the Act, together with appropriate pre- and post-judgment interest, in an amount to be determined at trial;

(ii) reasonable attorneys' fees, together with the costs and disbursements incurred in connection with this action; and

(iii) such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
March 8, 2024

                    Respectfully submitted,

                    **KANE KESSLER, P.C.**

                    By: */s/ Jonathan M. Sabin*
                        Jeffrey H. Daichman
                        Dana M. Susman
                        Jonathan M. Sabin
                    600 Third Avenue
                    New York, New York 10016
                    jdaichman@kanekessler.com
                    dsusman@kanekessler.com
                    jsabin@kanekessler.com

                    *Attorneys for Plaintiff*