**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CLARUS CORPORATION,

Plaintiff,

v.

CAPTION MANAGEMENT LLC, CAPTION PARTNERS II LP, CAPTION GP, LLC, WILLIAM COOPER and JASON STRASSER,

Defendants.

Case No.: 1:24-cv-01811-ALC

Related Case No.: 1:24-cv-01018-ALC

**ORAL ARGUMENT REQUESTED**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CAPTION MANAGEMENT LLC, CAPTION PARTNERS II LP, CAPTION GP, LLC, WILLIAM COOPER, AND JASON STRASSER'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......... 1

BACKGROUND .......... 2

ARGUMENT .......... 3

I. Plaintiff Has Not Plausibly Pleaded That Defendants Are Beneficial Owners Under Section 16(b). .......... 3

II. Plaintiff Is Required To Plead That Defendants Are Beneficial Owners Under Section 16(b). .......... 5

III. Plaintiff Has Not Plausibly Pleaded The Existence Of A Group. .......... 8

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 3

*Avalon Holdings Corp. v Gentile*,
18-cv-7291, 2023 WL 6566810 (S.D.N.Y. Oct. 6, 2023) ... 7

*Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*,
830 F.3d 570 (D.C. Cir. 2016) ... 5

*Brian B. Sand & Zachary B. Sand Joint Tr. v. Biotechnology Value Fund, L.P.*,
No. 16-cv-01313, 2017 WL 840357 (N.D. Cal. Mar. 3, 2017) ... 6

*Brian B. Sand & Zachary B. Sand Joint. Tr. v. Biotechnology Value Fund, L.P.*,
No. 16-cv-01313, 2017 WL 3142110 (N.D. Cal. July 25, 2017) ... 9

*In re Edelman*,
295 F.3d 171 (2d Cir. 2002) ... 5

*Egghead.Com, Inc. v. Brookhaven Cap. Mgmt. Co.*,
340 F.3d 79 (2d Cir. 2003) ... 1

*Gollust v. Mendell*,
501 U.S. 115 (1991) ... 5

*Greenfield v. Cadian Cap. Mgmt., LP*,
213 F. Supp. 3d 509 (S.D.N.Y. 2016) ... 4, 6

*Greenfield v. Criterion Cap. Mgmt., LLC*,
No. 15-cv-3583, 2016 WL 4425237 (N.D. Cal. July 5, 2016) ... 6–7

*Greenfield v. Criterion Cap. Mgmt., LLC*,
No. 15-cv-3583, 2017 WL 2720208 (N.D. Cal. June 23, 2017) ... 4–5, 6

*Packer ex rel.1-800-flowers.com, Inc. v. Raging Capital Mmgt., LLC*,
242 F. Supp. 3d 141 (E.D.N.Y. 2017) ... 5–6

*Rosen v. Brookhaven Cap. Mgmt. Co.*,
113 F. Supp. 2d 615 (S.D.N.Y. 2000) ... 7

*Rosen v. Brookhaven Cap. Mgmt. Co.*,
194 F. Supp. 2d 224 (S.D.N.Y. 2002) ... 7

*Rubenstein v. Int'l Value Advisers, LLC*,
959 F.3d 541 (2d Cir. 2020) ... 1, 8, 9, 10

*Rubenstein v. Rofam Inv. LLC*,
805 F. App'x 75 (2d Cir. 2020) ....................................................................................9

**Other Authorities**

Fed. R. Civ. Pro. 12(b)(6) ...........................................................................................................1

5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1270 (4th ed. 2024) .................................................8

Defendants Caption Management LLC ("Caption"), Caption Partners II LP (the "Caption Fund"), Caption GP, LLC, William Cooper III, and Jason Strasser (collectively, the "Defendants") respectfully submit this reply in further support of their motion to dismiss[1] Plaintiff Clarus Corporation's ("Plaintiff") Complaint, ECF No. 1 (the "Complaint" or "Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

The thrust of Plaintiff's opposition is that its Section 16(b) claim against Defendants should survive this motion to dismiss because (1) Caption, an investment adviser registered with the SEC, is somehow the "beneficial owner," as defined under Section 16, of the Clarus securities held by and for the benefit of its clients; and (2) the Clarus securities held by Caption's clients, including but not limited to the Caption Fund, should be treated "collectively" as the securities held by a "group." In the relatively sparse landscape of Section 16 caselaw, however, there are a few points on which the Second Circuit has been abundantly clear. One is that "for purposes of computing beneficial ownership" under Section 16, "an investment adviser" like Caption "is deemed not to be the beneficial owner of shares held for customers in the ordinary course of business (and acquired without intent to influence control)."[2] *Egghead.Com, Inc. v. Brookhaven Cap. Mgmt. Co.*, 340 F.3d 79, 86 (2d Cir. 2003). Another is that where, as here, liability is premised on group treatment, Section 16 "impose[s] liability only when insiders enter an agreement . . . to trade the securities of a particular issuer." *Rubenstein v. Int'l Value Advisers, LLC*, 959 F.3d 541, 546, 551

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Memorandum of Law in Support of Defendants Caption Management LLC, Caption Partners II LP, Caption GP, LLC, William Cooper III, and Jason Strasser's Motion to Dismiss the Complaint (ECF 31).

[2] Plaintiff does not argue in its opposition or allege in the Complaint that the Clarus securities at issue were acquired with an intent to influence control.

(2d Cir. 2020). And such an agreement is not formed between an investment adviser and its clients "by merely entering into an investment advisory relationship." *Id*. at 546–47.

Under this binding law, Plaintiff comes nowhere close to adequately pleading that Defendants were beneficial owners of more than 10 percent of Clarus's securities. Most fatal of all, Plaintiff alleges nothing about Caption's clients other than the Caption Fund. Plaintiff does not (and cannot) allege facts in the Complaint suggesting that the securities held by those unnamed Caption clients were not "held for customers in the ordinary course of business." Nor does Plaintiff allege a single fact suggesting an agreement among Defendants, or among Defendants and those unnamed Caption clients, with respect to trading in Clarus securities.

## BACKGROUND

Plaintiff does not dispute the facts relevant to this motion. Caption is a registered investment adviser ("RIA"), which, as alleged in the Complaint, "maintains investment and voting power with respect to securities held by certain investment funds and managed accounts it manages, including [the Caption Fund]." (Compl. ¶ 8.) As reflected in the 13G, the Clarus securities at issue here were held by and for the benefit of Caption's investment advisory clients – funds and managed accounts that include, *but are not limited to*, the Caption Fund. (*See, e.g.*, Ex. 1 (13G),[3] Item 4 ("Caption [], Caption GP, Mr. Cooper and Mr. Strasser own directly no [s]hares"); *id.* at Item 2(a) (the Clarus shares reported by Caption were "held by certain investment funds and managed accounts it manages"); *id*. at Item 4 (Caption reported a larger percentage of Clarus securities than the Caption Fund, reflecting that in addition to the securities held by the Caption Fund, Caption also reported shares held by other Caption clients); *see also* Opening Br.

[3] Citations to "Ex." refer to the exhibits attached to the Declaration of Pia Williams Keevil in Support of Defendants Caption Management LLC, Caption Partners II LP, Caption GP, LLC, William Cooper III, and Jason Strasser's Motion to Dismiss the Complaint (ECF 32).

at 4–5, 12.) Plaintiff relies on the Clarus securities held by each of these Caption clients when it alleges that Section 16's 10 percent beneficial ownership threshold was met. (Compl. ¶¶ 19–20.) Plaintiff does not and cannot allege that the Caption Fund (for which Caption GP, LLC serves as general partner) ever held 10 percent of Clarus's securities on its own. Plaintiff does not allege any facts regarding Caption's other clients.

## ARGUMENT

### I. Plaintiff Has Not Plausibly Pleaded That Defendants Are Beneficial Owners Under Section 16(b).

Plaintiff concedes that to survive a motion to dismiss, it must plead that Defendants are "beneficial owners" of "more than 10%" of Clarus stock. (Opp. Br. at 7.) Plaintiff argues in its opposition, however, that Defendants are not entitled to exclude the Clarus securities held by Caption's clients from the beneficial ownership calculation because those securities allegedly are not held for the benefit of third parties. (Opp. Br. at 12.) Plaintiff describes the allegations in the Complaint that purportedly support this contention as follows:

> The Complaint also specifically alleges that such shares were not held solely for the benefit of third parties, but that the Caption Defendants traded the Clarus securities for their own account, did not hold the Clarus securities solely for the benefit of third parties or in customer or fiduciary accounts in the ordinary course of business and invested their own capital in the fund(s) they manage.

(*Id.*) But there is nothing "specific" about these wholly conclusory allegations and they are not entitled to any weight. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while Plaintiff claims that Caption's Form ADV reflects that Caption has an ownership interest in the Caption Fund and invested its own capital in the Caption Fund, Plaintiff does not and cannot allege that Defendants had any ownership interest in Caption's other clients who held Clarus securities, or that Defendants invested their own capital in those clients such that those clients should not be

viewed as customer or fiduciary accounts. Indeed, Plaintiff alleges nothing about those other clients at all.

Plaintiff's reliance on *Greenfield v. Cadian Capital Management, LP*, 213 F. Supp. 3d 509, 515 (S.D.N.Y. 2016) ("*Cadian Capital*") is thus entirely misplaced. As discussed in our opening brief, the Court in *Cadian Capital* held that the inference could be made that a RIA did not hold securities "for the benefit of third parties" because the securities at issue were held by funds it managed and the RIA "directly own[ed] capital *in each* of [those funds]." *Id.* at 517 (emphasis added). Nothing of the sort is alleged here and Plaintiff makes no effort to address this distinction.

Instead, Plaintiff takes its misplaced reliance on *Cadian Capital* a step further and accuses Defendants of attempting to "hide behind their structure of related and commonly controlled entities to evade liability under Section 16(b)." (Opp. Br. at 14.) Despite devoting pages to this argument, nowhere does Plaintiff explain how it applies to Defendants. Nor does Plaintiff point to a single fact that would support it. To the extent that Plaintiff means to suggest that Caption is engaged in an act of "evasion" by virtue of a 9 percent ownership interest in the Caption Fund, the SEC itself has recognized that "investors often require the investment adviser to have a significant financial investment in the hedge fund." *See* SEC, Implications of the Growth of Hedge Funds: Staff Report to the U.S. SEC 62 (2003), https://www.sec.gov/files/implications-growth-hedge-funds-09292003.pdf. And indeed, nothing in Section 16's definition of beneficial ownership (set out in Rule 16a–1) implies that a RIA's investment in a hedge fund holding an issuer's securities prohibits it from excluding those securities from the computation of beneficial ownership.

Quite the opposite, "[t]here is no requirement in Rule 16a–1 that RIAs hold shares <u>solely</u> for the benefit of third parties." *Greenfield v. Criterion Cap. Mgmt., LLC*, No. 15-cv-3583, 2017 WL 2720208, at *5 (N.D. Cal. June 23, 2017) ("*Criterion Capital*") (holding that

complaint "does not allege facts sufficient to show that [RIA] does not trade for the benefit of third parties in the ordinary course of business" where it beneficially owned 2–12 percent of each of managed funds at issue) (emphasis in original); *see also In re Edelman*, 295 F.3d 171, 177 (2d Cir. 2002) ("When interpreting the meaning of a statute" courts must look to "the language of the statute itself."); *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 575 (D.C. Cir. 2016) ("[W]e will not read the word 'only' into the statute 'when Congress has left it out.'") (quoting *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993)). Expanding the scope of Section 16 liability as it appears Plaintiff seeks to do here would defy the Supreme Court's express admonition to construe Section 16 "narrowly." *See, e.g.*, *Gollust v. Mendell*, 501 U.S. 115, 122 (1991). In any event, as noted above, Plaintiff does not and cannot allege that Defendants have any ownership interest in the unnamed Caption clients that held Clarus securities. (Opp. Br. at 14.) Like the rest of Plaintiff's opposition, this argument about a purported "network of related entities" completely ignores the customary nature of Caption's relationship with its investment advisory clients and the duties Caption owes to those clients under federal law to invest their asserts according to their individual best interests. (*Id.*); *see also* Commission Interpretation Regarding Standard of Conduct for Investment Advisers, Advisers Act Release No. IA-5248, 84 Fed. Reg. 33669, 33671, 33672–33673 (June 5, 2019).

## II. Plaintiff Is Required To Plead That Defendants Are Beneficial Owners Under Section 16(b).

No doubt recognizing its failure to adequately plead that Defendants meet the definition of a 10 percent beneficial owner under Section 16, Plaintiff tries to salvage its claim by arguing that this element of the cause of action is an affirmative defense, and thus, not properly considered on a motion to dismiss. (Opp. Br. at 8–9.) Plaintiff claims that it is "well established in the Second Circuit, that the RIA Exemption is an affirmative defense, not a core element of a Section 16(b)

claim that must be plead in the Complaint." (*Id.*) This entire argument relies on a single decision from the Eastern District of New York, *Packer ex rel. 1-800-flowers.com, Inc. v. Raging Capital Management, LLC* ("*Raging Capital*"), which did not even consider whether the provisions within Section 16's definition of beneficial ownership, such as the so-called "RIA Exemption," are an element that must be pleaded where relevant. Misconstruing the exclusion applicable to securities held by the RIA's clients (the "RIA Exclusion") as an exemption to Section 16(b) liability rather than part of the definition of a 10 percent beneficial owner, the Court in *Raging Capital* concluded that the purported "exemption is an affirmative defense not subject to resolution on a motion to dismiss." 242 F. Supp. 3d 141, 143 (E.D.N.Y. 2017).

Far from being the "well-established" view, significant caselaw (including cases in this District that Plaintiff relies on, like *Cadian Capital*) supports the opposite position. *See Cadian Capital*, 213 F. Supp. 3d at 518 (denying motion to dismiss where plaintiff sufficiently alleged facts to permit inference that RIA Exclusion did not apply); *Criterion Capital*, 2017 WL 2720208, at *5–*6 (granting motion to dismiss where plaintiff failed to sufficiently allege defendants met the definition of beneficial ownership because the RIA and Control Person Exclusions applied); *Brian B. Sand & Zachary B. Sand Joint Tr. v. Biotechnology Value Fund, L.P.*, No. 16-cv-01313, 2017 WL 840357, at *3 (N.D. Cal. Mar. 3, 2017) (granting motion to dismiss where court determined RIA and Control Person Exclusions applied).

Plaintiff attempts to distinguish *Criterion Capital* by claiming that Court "held, *inter alia*, that the RIA Exemption is 'technically [an] affirmative defense,'" but this mischaracterizes the Court's opinion. (Opp. Br. at 10.) In fact, the Court merely noted in *dicta* that the exclusions in the definition of "beneficial owner" "***may*** technically be affirmative defenses," but went on to note that "they can also be viewed as elements of the claim because they relate to the definition of

beneficial owner of more than 10 percent of any class of equity securities registered pursuant to section 12 of the Act, ***and thus must be adequately pled***." *Greenfield v. Criterion Cap. Mgmt.*, LLC, No. 15-cv-03583, 2016 WL 4425237, at *8 (N.D. Cal. July 5, 2016) (emphasis added). The Court ultimately held that plaintiff's complaint "fail[ed] to allege facts sufficient to create a plausible inference that the RIA exemption does not apply to Criterion Capital, and that the control-person exemption does not apply to the individual defendants." *Id.*

The other cases Plaintiff cites do not support the view that the RIA Exclusion is an affirmative defense or are easily distinguishable. For example, in *Rosen v. Brookhaven Capital Management. Co.*, 194 F. Supp. 2d 224, 228 (S.D.N.Y. 2002), the defendant sought, on a motion *in limine*, to preclude the plaintiff from arguing that the defendant did not qualify for one of the exclusions within Section 16's beneficial ownership definition. On the defendant's motion to dismiss, however, the Court denied the motion not because the RIA Exclusion was an affirmative defense, but rather because the plaintiff adequately alleged facts that the RIA was not a passive investor and thus not entitled to the exclusion.[4] Likewise, in *Cadian Capital*, the court denied the defendant's motion to dismiss not because the RIA Exclusion was an affirmative defense, but because the plaintiff adequately pled that it did not apply. Finally, the decision in *Avalon Holdings Corp. v Gentile*, 18-cv-7291, 2023 WL 6566810, at *12 (S.D.N.Y. Oct. 6, 2023), did not address the applicability of the RIA Exclusion on a motion to dismiss. Rather, in a decision regarding damages after summary judgment had been granted, the court concluded that the defendant, who sought to introduce new evidence after the close of discovery to reduce his damages calculation,

[4] The RIA in *Rosen v. Brookhaven Capital Management Co.* had made public statements in a Schedule 13D that it intended to "communicate directly with [the issuer's management] regarding its financial condition, management and business plan, with a view to formulating suggestions for improvement" and that it "may seek to be included in the present board of directors [of the issuer]." 113 F. Supp. 2d 615, 629 (S.D.N.Y. 2000). There are no comparable allegations here.

had "waived his right to assert the foreign broker-dealer exemption" and that in any event the defendant "d[id] not qualify for the exemption." *Id*. Indeed, even *Raging Capital,* the case Plaintiff so heavily relies on to make the "affirmative defense" point, is distinguishable. In concluding that dismissal was not appropriate, the Court emphasized, in particular, that "the question of the intent to acquire control" was "very much" "at issue." *Raging Capital*, 242 F. Supp. 3d at 149–50. That is not the case here.

Plaintiff's attempt to shoehorn the RIA Exclusion into the black letter definition of an affirmative defense is similarly unavailing. Plaintiff acknowledges that "a defense is *not* affirmative where it merely negates an element of the plaintiff's prima facie case." (Opp. Br. at 10); *see also* 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1270 (4th ed. 2024) ("[N]egative defenses" "den[y]" or "directly contradict elements of the plaintiff's claim for relief."). Plaintiff claims that "the RIA Exemption does *not* 'merely negate an element of the plaintiff's prima facie case' because a defendant could qualify as both a registered investment advisor *and* a 'beneficial owner' as that term is defined in the regulations." (Opp. Br. at 10.) But Plaintiff completely misses the point. Of course a registered investment adviser *can be* a beneficial owner under Section 16. The element of a Section 16(b) claim that is at issue here is whether Defendants are beneficial owners of more than 10 percent of an issuer's securities, as that term is defined for purposes of Section 16. The RIA Exclusion is a key component of that definition and impacts whether the 10 percent threshold can be met. Plaintiff must plausibly plead the 10 percent beneficial ownership element, and in this case, has failed to do so.

## III. Plaintiff Has Not Plausibly Pleaded The Existence Of A Group.

As an initial matter, Plaintiff claims that Defendants' argument that "the Complaint fails to adequately allege that the Caption Defendants acted as a 'group' for purposes of aggregating their ownership of Clarus stock to meet the 10% beneficial ownership threshold" is "not

appropriately considered on a 12(b)(6) motion to dismiss." (Opp. Br. at 1–2.) There is simply no question that failure to adequately plead a group in a Section 16(b) case is appropriately considered on a motion to dismiss. *See Rubenstein*, 959 F.3d at 546 (affirming dismissal for failure to adequately plead a group); *Rubenstein v. Rofam Inv. LLC*, 805 F. App'x 75, 77 (2d Cir. 2020) (same); *Brian B. Sand & Zachary B. Sand Joint. Tr. v. Biotechnology Value Fund, L.P.*, No. 16-cv-01313, 2017 WL 3142110, at *4 (N.D. Cal. July 25, 2017) ("[P]laintiff must adequately plead the[] defendants were members of a group . . . or else the[] defendants are entitled to dismissal."). Plaintiff cannot so easily dodge the consequences of its failure to adequately plead the existence of a group here, which serves as an independent reason that the Complaint must be dismissed. *Rubenstein*, 959 F.3d at 549 ("In a group liability case, if a court determines that a Section 13(d) group has not been formed, the RIA exemption issue falls by the wayside.").

In its opposition, Plaintiff asks this Court to ignore clear and binding Second Circuit precedent on what is required to adequately plead a "group" under Section 16: "We straightforwardly conclude that the[] provisions of [Section 16 and its implementing regulations concerning groups] impose liability only when insiders enter an agreement . . . to trade the securities of a particular issuer." *Rubenstein*, 959 F.3d at 546, 551; *see also Rubenstein*, 805 F. App'x at 77 (affirming dismissal because "an agreement, including an investment management agreement, must be issuer-specific before it can give rise to group liability"). The Second Circuit further clarified that "[a]n investment advisory client does not form a group with its investment advisor by merely entering into an investment advisory relationship." *Rubenstein*, 959 F.3d at 546–47. Plaintiff casually dismisses this precedent in a footnote, stating only that "[t]he facts alleged in the Complaint and set forth in the Caption Defendants' submissions upon its motion render [*Rubenstein*] with regard to pleading a 'group' distinguishable." (Opp. Br. at 20 n.9.) But

Plaintiff does not provide any explanation as to ***how*** *Rubenstein* is distinguishable from this case. Nor can it. The issue in *Rubenstein*, as here, was whether a group was formed for purposes of Section 16 among a RIA and its clients. The Court in *Rubenstein* was clear that pleadings based on an investment advisory relationship alone were not enough. 959 F.3d at 545. And Plaintiff alleges even less here. Indeed, as to Caption's clients other than the Caption Fund, Plaintiff alleges nothing at all.

Implicitly conceding that it cannot meet the operative "group" standard, Plaintiff suggests that all that is needed to establish a group is some vague "common objective" and asks this Court to infer the existence of a group based on the allegations that: (1) Defendants share offices; (2) Caption "maintains investment and voting power with respect to securities held by certain investment funds and managed accounts it manages, including [the Caption Fund]"; (3) the Caption Fund is "an investment fund"; (4) "Caption GP is the general partner of Caption Partners"; (5) Cooper and Strasser are control persons; (6) Cooper uses the word "we" in emails concerning Caption; and (7) the 13G was "signed by Cooper on behalf of on [sic] each of the Caption Defendants." (Opp. Br. at 17, 18–19.) "Even more," Plaintiff adds, as though conclusory allegations have any bearing, "Clarus also alleged that . . . Defendants agreed to act together for the purpose of acquiring, holding, voting or disposing of Clarus securities during the period of July 19, 2022 and August 30, 2022." (*Id.* at 19.) But not one of these allegations supports the formation of an *actual agreement* among Defendants to trade in Clarus securities. And critically, they say nothing about any agreement among Defendants and the unnamed Caption clients that held Clarus securities.

## CONCLUSION

For the reasons above, Defendants respectfully request that the Complaint be dismissed with prejudice.

Dated: August 15, 2024
New York, New York

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Tariq Mundiya*
Tariq Mundiya
Pia Williams Keevil
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Email: tmundiya@willkie.com
pkeevil@willkie.com

*Attorneys for Defendants Caption Management LLC, Caption Partners II LP, Caption GP, LLC, William Cooper, and Jason Strasser*