UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CLARUS CORPORATION,

                              **Plaintiff,**

        -against-

CAPTION MANAGEMENT LLC, et al.,

                              **Defendants.**

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/2025

24-CV-01811 (ALC)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      Defendants Caption Management, LLC, Caption Partners II, LP, Caption GP, LLC, William Cooper III, and Jason Strasser (collectively "Defendants") move to compel Plaintiff Clarus Corporation ("Clarus") to produce certain materials in response to Defendants' Requests for Production (the "RFPs"). ECF No. 47. Defendants claim that Plaintiff is categorically refusing to respond to nearly half of Defendants' requests, which seek materials relating to the allegations in Plaintiff's Complaint regarding Clarus's stock volatility during the relevant time period. See id., at 3. Plaintiff argues that the requested discovery is irrelevant because Section 16(b) is a strict liability statute and the discovery Defendants seek relates to issues that have no bearing on Plaintiff's strict liability claim. See id., at 5. Defendants' motion to compel is DENIED.

      The standard relevancy rules apply to this dispute. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). "Relevance is determined in light of the claims and defenses asserted by the parties, and the Court has broad discretion in determining

relevance for discovery purposes." Bamonte v. Charatan, No. 22-CV-00795 (KMK)(JCM), 2023 WL 4201416, at *2 (S.D.N.Y. June 27, 2023) (citation and internal quotation marks omitted). "The burden of demonstrating relevance is on the party seeking discovery." Cohen v. City of New York, No. 05-CV-06780 (RJS)(JCF), 2010 WL 1837782, at *2 (S.D.N.Y. May 6, 2010).

Plaintiff seeks recovery of short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78p(b). See ECF No. 1 (Compl.), at ¶¶ 24–34. Section 16(b) requires "disgorgement to the company of any profit derived from the matching of any purchase and any sale of an equity security . . . within a six-month period by a statutory insider. . . ." Gwozdzinsky v. Zell/Chilmark Fund, L.P., 156 F.3d 305, 308 (2d Cir. 1998) (internal quotation marks omitted). A plaintiff bringing a Section 16(b) claim "need only plausibly allege: '(1) a purchase and (2) a sale of securities (3) by an insider (4) within a six-month period.'" 20230930-DK-Butterfly-1, Inc. v. Cohen, No. 24-CV-05874 (NRB), 2025 WL 1151598, at *5 (S.D.N.Y. Apr. 18, 2025) (quoting Chechele v. Sperling, 758 F.3d 463, 467 (2d Cir. 2014)). Therefore, the central issue in this dispute is whether the discovery sought by Defendants relates to the core elements of a Section 16(b) claim or any potential defense related to the allegation that Defendants acted as a group of beneficial owners to obtain short-swing profits during the relevant time period.

Defendants seek documents and communications related to the allegedly unusual and volatile trading in Clarus securities during the summer of 2022; the activities of Clarus's Brazilian equity fund (TT Investimentos); a separate lawsuit brought by Clarus against different defendants (Clarus v. HAP Trading, LLC et al., No. 22-CV-08132, (S.D.N.Y.)); the alleged decline in Clarus's stock price during the period in question; and the safety or functioning of

avalanche equipment distributed by a Clarus subsidiary (Black Diamond Equipment Ltd.). Putting aside that the RFPs are overbroad as written, Defendants have not demonstrated that these requests are relevant to the elements of a Section 16(b) claim or any available defense. Section 16(b) is a strict liability statute, "operat[ing] mechanically, with no required showing of intent to profit from the use of inside information." Gibbons v. Malone, 703 F.3d 595, 599 (2d Cir. 2013) (citation and internal quotation marks omitted). Thus, materials related to the parties' alleged intent or any outside factors that might have led to the alleged trading volatility in Clarus securities are irrelevant.

Further, courts in this district and outside this circuit have found that any potential defenses to a Section 16(b) claim must also be narrowly construed, even in the context of assessing potential damages. See, e.g., Nosirrah Mgmt., LLC v. Franklin Wireless Corp., No. 21-CV-01316 (JO)(JLB), 2022 WL 1667048, at *2–3 (S.D. Cal. May 25, 2022) (rejecting defendants' argument that discovery related to the affirmative defense of unclean hands is relevant to a Section 16(b) claim); Microbot Med., Inc v. Mona, No. 19-CV-03782 (GBD)(RWL), 2020 WL 8671943, at *8–9 (S.D.N.Y. Dec. 17, 2020), report and recommendation adopted, 2021 WL 1192110 (S.D.N.Y. Mar. 30, 2021) ("[C]ourts in this District have resoundingly rejected the applicability of equitable defenses to § 16(b) claims."); Huppe ex rel. WPCS Int'l Inc. v. Special Situations Fund III QP, L.P., 565 F. Supp. 2d 495, 502 (S.D.N.Y. 2008), aff'd sub nom. Huppe v. WPCS Int'l Inc., 670 F.3d 214 (2d Cir. 2012) ("[N]othing in the statute permits the Court to consider as a mitigating factor the issuer's intent or any benefit inuring to the issuer, nor is there any equitable defense available based on such theories.") (emphasis omitted).

Finally, Plaintiff represents that the allegations in ¶¶ 7 and 34 of the Complaint are now moot in light of Packer v. Raging Cap. Mgmt., LLC, 105 F.4th 46 (2d Cir. 2024). Accordingly, any materials related to those specific allegations are irrelevant under Rule 26. Paul Rudolph Found, Inc. v. Paul Rudolph Heritage Found., No. 20-CV-08180 (CM)(SLC), 2023 WL 3558857, at *2 (S.D.N.Y. Apr. 27, 2023) ("By definition, then, the Rules do not permit discovery regarding a claim . . . that is no longer in the action."). Plaintiff will, accordingly, be precluded from introducing evidence that supports the allegations in ¶¶ 7 and 34 of the Complaint.

## CONCLUSION

Defendants' motion to compel is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 47.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 3, 2025
         New York, New York